# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

CASE NO. 07-488 (ADC)

[3] JOSE M. ENCARNACION-MARQUEZ,
Defendant.

**PLEA AGREEMENT**
(Pursuant to Rule 11(c)(1)(A) & (B) FRCP)

TO THE HONORABLE COURT:

COMES NOW the United States of America through its counsel Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico, José Ruíz, Assistant United States Attorney, Chief, Criminal Division, Warren Vázquez, Assistant U.S. Attorney, Unit Chief, Violent Crimes Unit, George A. Massucco-LaTaif, Assistant U.S. Attorney, defendant's counsel, Jose R. Aguayo, Esq. and the defendant Jose M. Encarnacion-Marquez, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

The defendant agrees to plead guilty to Counts One and Seven of the Indictment.

**Count One** charges: Beginning in or about the year 2005, exact date unknown, and continuing up to and until the return of the instant indictment in Trujillo Alto, Carolina and San Juan, District of Puerto Rico and elsewhere and within the jurisdiction of this Court, Jose M. Encarnacion-Marquez and others named and un-named, did knowingly and intentionally conspire, combine, and agree together and with each other and others known and unknown to the Grand Jury, to commit offenses against the United States, that is, to possess with intent to distribute at least one (1)

Plea Agreement
<u>United States v. [3] Jose M. Encarnacion-Marquez</u>
Criminal No. 07-488 (ADC)
Page 2

kilogram of heroin, a Schedule I, Narcotic Drug Controlled Substance; fifty (50) grams or more of cocaine base (hereinafter referred to as "crack"), a Schedule II, Narcotic Drug Controlled Substance; five (5) kilograms or more of cocaine, a Schedule II, Narcotic Drug Controlled Substance, detectable amounts of marihuana, a Schedule I, Controlled Substance; within one thousand (1,000) feet of the real property comprising a housing facility owned by a public housing authority, that is, Nuestra Señora de Covadonga Public Housing Project; or of a public school, that is the Headstart Program located within Nuestra Señora de Covadonga Public Housing Project all in violation of Title 21, <u>United States Code</u>, Sections 846, 841(a)(1), (b)(1)(C), (b)(2), and 860.

**Count Seven** charges: beginning in or about the year 2005, exact date unknown and continuing up to an until the return of the instant indictment in Trujillo Alto, Carolina and San Juan, District of Puerto Rico and elsewhere and within the jurisdiction of this Court, Jose M. Encarnacion-Marquez and others, aiding and abetting each other, did knowingly possess firearms and ammunition during and in relation to a drug trafficking crime, as charged in Counts ONE through FIVE of the indictment, which may be prosecuted in a Court of the United States. All in violation of Title 18, <u>United States Code</u>, 924(c)(1)(A)(I) and 2.

2.      **MAXIMUM PENALTIES**

The maximum penalty for the offense charged in Count One of the Indictment is a term of imprisonment of not less than ten (10) years and up to life imprisonment; and a fine not to exceed $8,000,000.00, and a term of supervised release of at least ten (10) years, all pursuant to Title 21, United States Code, Section 841(b)(1)(A) and 860.

Based on the stipulated amount of narcotics, that is at least two (2) but less than three point

**Plea Agreement**
<u>United States v. [3] Jose M. Encarnacion-Marquez</u>
Criminal No. 07-488 (ADC)
Page 3

five (3.5) kilograms of cocaine, the not less than five (5) years and up to eighty (80) years imprisonment; and a fine not to exceed $4,000,000.00, and a term of supervised release of at least eight (8) years, all pursuant to Title 21, <u>United States Code</u>, Section 841(b)(1)(A) and 860.

The penalty for the offense charged in Count Seven of the Indictment are a term of imprisonment of not less that five (5) years and up to life imprisonment, to be served consecutive from any other Count of conviction; and a fine not to exceed $250,000.00, and a term of supervised release of at least (3) years, all in violation of Title 18, <u>United States Code</u>, Section 924(c)(1)(A)(i).

### 3. APPLICABILITY OF SENTENCING GUIDELINES

Defendant acknowledges that the Court may impose a sentence in accordance with the applicable provision(s) of the Sentencing Guidelines, Title 18 <u>United States Code</u>, Section 3551, *et seq.* (hereinafter Guidelines), which are now advisory. Further, the defendant acknowledges to be aware that parole has been abolished and the imposition of sentence may not be suspended.

### 4. SPECIAL MONETARY ASSESSMENT

Prior to defendant's change of plea hearing, the defendant shall pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction.

### 5. FINES AND RESTITUTION

The defendant is aware that the Court may, pursuant to Section 5E1.2 of the <u>Sentencing Guidelines Manual</u>, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and also the Court may impose restitution. As part of this Plea Agreement, the defendant agrees to produce complete information regarding all restitution victims and defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no recommendations

**Plea Agreement**
<u>United States v. [3] Jose M. Encarnacion-Marquez</u>
Criminal No. 07-488 (ADC)
Page 4

as to the imposition of fines or restitution.

### 6. RULE 11(e)(1)(B) WARNINGS

The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge and the advisory Sentencing Guidelines (including the <u>Guidelines</u> <u>Policy</u> <u>Statements, Application,</u> and <u>Background Notes)</u>. The defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and/or recommendations contained herein. Defendant specifically acknowledges and admits that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. Defendant is aware that the court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence report. Should the Court impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw the guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.



### 7. SENTENCING GUIDELINES CALCULATIONS

Although the Guidelines are now advisory, <u>United States v. Booker</u>, 125 S.Ct. 738, 744, 160 L.Ed.2d 621 (2005), makes clear the sentencing court is required to consider the Guidelines "sentencing range established for... the applicable category of offense committed by the applicable category of defendant" in imposing sentence. <u>Booker,</u> 125 S.Ct. At 744. Therefore, the United States and the defendant submit the following advisory Sentencing Guidelines calculations as to COUNT ONE:

    a. BASE OFFENSE LEVEL/STIPULATION OF DRUG AMOUNT: The Base Offense Level shall be twenty-eight (28), pursuant to U.S.S.G. §2D1.1(5). The parties stipulate that, as part of this plea agreement, the defendant is accepting responsibility for at least two (2) but less

Plea Agreement
**United States v. [3] Jose M. Encarnacion-Marquez**
Criminal No. 07-488 (ADC)
Page 5

than three point five (3.5) kilograms of cocaine. The parties specifically intend that the defendant's Base Offense Level shall be twenty-eight (28) in exchange for his plea of guilty.



| PLEA AGREEMENT SENTENCING GUIDELINES CALCULATION TABLE | |
|---|---|
| **COUNT ONE** <br> **Title 21, U.S.C., § 846, 860** | |
| **BASE OFFENSE LEVEL [U.S.S.G. § 2D1.1(5)]** <br> at least two (2) but less than three point five (3.5) kilograms of cocaine | 28 |
| **Protected Location [U.S.S.G. § 2D1.2(a)(1)]** | +2 |
| **Leadership Role [U.S.S.G. § 3B1.1(c)]** | +3 |
| **Acceptance of Responsibility pursuant to [U.S.S.G. § 3E1.1]** | -3 |
| **TOTAL OFFENSE LEVEL** | 30 |
| There is no stipulation as to defendant's Criminal History Category (CHC) | ~~CHC III 121-~~ 151 months <br> CHC IV 135-168 months |
| **Penalty for violation of 18 U.S.C. 924(c) - Consecutive to Count 1** | **60 Months** |

8.  **SENTENCE RECOMMENDATION**

The parties agree to recommend to the Court, that the defendant be sentenced to a term of imprisonment of one hundred fifty (150) months, or the lower end of the applicable guidelines should the same be higher, for Count One and a term of sixty (60) months for Count Seven, to be served consecutively to Count One, for a total recommendation of two hundred ten (210) months. The parties understand that the Court is not bound by the recommendation and that the Court, after consideration of the factors contemplated within the U.S.S.G. and Title 18, United States Code, Section 3553 *et seq.*, may sentence the defendant to any amount of time up to and including the statutory maximum for the offense to which he plead, and that such a sentence will not invalidate this agreement.

Plea Agreement
<u>United States v. [3] Jose M. Encarnacion-Marquez</u>
Criminal No. 07-488 (ADC)
Page 6

### 9. NO FURTHER ADJUSTMENTS OR DEPARTURES

The United States and the defendant agree that no further adjustments or departures to the defendants total adjusted base offense level shall be sought by the parties. The parties agree that any request by the defendant for an adjustment or departure will be considered a material breach of this plea agreement. The parties agree that any request by the defendant for a sentence below the agreed upon term of two hundred ten (210) months or for an adjustment or departure will be considered a material breach of this plea agreement.

### 10. NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY



The parties do not stipulate any assessment as to the defendant's Criminal History Category.

### 11. DISMISSAL OF REMAINING COUNTS

At sentencing, the United States agrees to recommend a dismissal of the remaining counts against the defendant.

### 12. SATISFACTION WITH COUNSEL

The defendant represents to the Court to be satisfied with defendant's counsel, Jose R. Aguayo, Esq., and indicates that counsels have rendered effective legal assistance.

### 13. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

Plea Agreement
<u>United States v. [3] Jose M. Encarnacion-Marquez</u>
Criminal No. 07-488 (ADC)
Page 7



b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e. At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

Plea Agreement
**United States v. [3] Jose M. Encarnacion-Marquez**
Criminal No. 07-488 (ADC)
Page 8

### 14. STATEMENT OF FACTS

The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt. *Defendants admits to counts one and seven but does not stipulate to the government statement of facts July*

### 15. LIMITATIONS OF PLEA AGREEMENT

This plea agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant; it does not bind any other federal district, state or local authorities.

### 16. PACKAGE PLEA PROVISIONS [1]

The defendant is fully aware that this is a package plea agreement, that is, a plea agreement conditioned upon the guilty plea of co-defendants [1] Jesus Iglesias-Viera, [2] Alex Figueroa-Carreras and [3] Jose M. Encarnacion-Marquez, and [4] Raul Rosado-Toro. But for the acceptance of the other named co-defendants, the plea agreement for defendant Encarnacion-Marquez would have been as follows:

| BASE OFFENSE LEVEL [U.S.S.G. § 2D1.1] at least five (5) kilograms but less than fifteen (15) kilograms of cocaine | 32 |
|---|---|
| Protected Location [U.S.S.G. § 2D1.2(a)(1)] | +2 |
| Role [U.S.S.G. § 3B1.2] | +4 |
| Acceptance of Responsibility pursuant to [U.S.S.G. § 3E1.1] | -3 |
| TOTAL OFFENSE LEVEL | 35 |
| GUIDELINES RANGE FOR COUNT ONE | CHC IV ~~CHC III 210-262~~ 235-293 months |

---

[1] Pursuant to United States v. Martínez-Molina, 64 F.3d 719 (1st Cir.1995), package plea agreements impose special obligations on the prosecution to alert the district court to the fact that the codefendants are entering a package deal and on the district court to carefully ascertain the voluntariness of each defendant's guilty plea.

Plea Agreement
<u>United States v. [3] Jose M. Encarnacion-Marquez</u>
Criminal No. 07-488 (ADC)
Page 9

| | |
|---|---|
| CONSECUTIVE SENTENCE FOR COUNT SEVEN | 60 Months |
| Total Recommendation (at ~~CHC III~~) C H IV | ~~295 - 322~~ ~~270-322 months~~ |



In light of the nature of this package plea agreement, the defendant certifies that defendant is not entering into a guilty plea because of threats or pressures from any co-defendant to accept such plea offer. Should either of the above-named defendants (Defendants 1-4 of the Indictment) withdraw from their respective agreements prior to acceptance, the United States reserves the right to withdraw from this agreement.

### 17. ENTIRETY OF PLEA AGREEMENT

This written agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except as set forth in writing in this plea agreement and deny the existence of any other term and conditions not stated herein.

### 18. AMENDMENTS TO PLEA AGREEMENT

No other promises, terms, conditions will be entered unless in writing, signed by all parties.

### 19. VOLUNTARINESS OF GUILTY PLEA

The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty.

[This space is intentionally left blank to accommodate signatures]

**Plea Agreement**
**United States v. [3] Jose M. Encarnacion-Marquez**
Criminal No. 07-488 (ADC)
Page 10

### 20. WAIVER OF APPEAL

The defendant hereby agrees that if this Honorable Court accepts this Plea Agreement and sentences him according to its terms, conditions and recommendations, defendant waives and surrenders his right to appeal the judgment and sentence in this case.

RESPECTFULLY SUBMITTED.
ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney

José Ruiz Santiago
Assistant U.S. Attorney
Chief, Criminal Division
Dated: 1/12/09

Warren Vázquez
Assistant U.S. Attorney
Unit Chief, Violent Crimes Unit
Dated: 1-12-09

George A. Massucco-LaTaif
Assistant U.S. Attorney
Dated: 1-12-09

Jose R. Aguayo, Esq.
Counsel for Defendant
Dated: 1/14/09

Jose M. Encarnacion-Marquez
Defendant
Dated: 1/14/09

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with your attorney. I fully understand this agreement and I voluntarily agree to it.

Date: 1/14/09

Jose M. Encarnacion-Marquez
Defendant

I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

Date: 1/14/09

Jose R. Aguayo, Esq.
Counsel for Defendant

**Plea Agreement**
<u>United States v. [3] Jose M. Encarnacion-Marquez</u>
Criminal No. 07-488 (ADC)
Page 12

## STATEMENT OF FACTS

Since the year 2005, and continuing up to and until the return of the Indictment in criminal case 07-488(ADC), [3] Jose M. Encarnacion-Marquez and other co-defendants, did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to knowingly and intentionally possess with intent to distribute, heroin, cocaine, cocaine base, and marihuana in protected locations throughout the Municipalities of Trujillo Alto, Carolina and San Juan, specifically in Nuestra Señora de Covadonga Public Housing Project.

Shortly after the incarceration of co-defendant Alex Figueroa Carreras, defendant [3] Jose M. Encarnacion-Marquez, became one of the principal leaders for the drug points operating within the Nuestra Señora de Covadonga Public Housing Project, which operated drug distribution points within 1,000 feet of Public Housing Projects and Schools in the Municipalities of Trujillo Alto, Carolina and San Juan. Defendant [3] Jose M. Encarnacion-Marquez acknowledges that as the leader of the Drug Trafficking Organization (DTO) he conspired to possess with intent to distribute at least two (2) but less than three point five (3.5) kilograms of cocaine. Specifically as one of the principal leaders, drug point owners and enforcers within the conspiracy, he carried weapons during and in relation to his role as a drug point owner and enforcer at the drug points located within the Nuestra Señora de Covadonga Public Housing Project. He also was chiefly responsible for all those who carried, brandished and used firearms within the Drug Trafficking Organization (DTO). He would also give orders for any acts of violence in furtherance of the DTO carried out to enforce the territory or in response to hostile acts taken by enemies. For his work, was paid a portion of the proceeds derived from the drugs he sold. He admits that he joined the conspiracy willfully and knowingly and that it was his intent at all times that the object of the conspiracy succeed. At no time

Plea Agreement
**United States v. [3] Jose M. Encarnacion-Marquez**
Criminal No. 07-488 (ADC)
Page 13

prior to his arrest did the defendant manifest his intent to withdraw from the conspiracy.

The defendant admits that the facts contained in this statement are true, including any handwriting edits that may be added to the statement. The defendant herein adopts the statement as his testimony in support of his guilty plea and requests the Court to consider it as the basis for its finding of Guilt as to Counts One and Seven to which he has plead. Nobody has forced, coerced, or made any threats to induce the defendant to enter into this stipulation of facts and he admits that he is doing so because the statement is in fact true.

At trial, the United States would have proven beyond a reasonable doubt that defendant [3] Jose M. Encarnacion-Marquez is guilty as charged in Counts One and Seven of the Indictment by presenting physical and documentary evidence, photographs the testimony of forensic chemists as expert witnesses, as well as the testimony of Alcohol, Tobacco, Firearms and Explosives (ATF) and Police of Puerto Rico Agents among others. Full discovery has been provided to the defendant.

_____
George A. Massucco-LaTaif
Assistant U.S. Attorney
Dated: 1-12-09

_____
Jose R. Aguayo, Esq.
Counsel for Defendant
Dated: _____

_____
Jose M. Encarnacion-Marquez
Defendant
Dated: _____