UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * NO.CR-07-488(ADC) |
| vs. | * |
| JOSE M. ENCARNACION-MARQUEZ | * April 3, 2009 |
| | * San Juan, PR |

COMPLETE TRANSCRIPT OF SENTENCE HEARING
HELD BEFORE THE HONORABLE AIDA M. DELGADO-COLON

APPEARANCES:

FOR THE GOVERNMENT:     G. Andrew Massucco, AUSA

FOR THE DEFENDANT:      Jose R. Aguayo, Esq.

Court Reporter:         Susan J. Lamoureux
                        (907)782-8175

```
 1    UNITED STATES OF AMERICA V. JOSE M. ENCARNACION-MARQUEZ
      COMPLETE TRANSCRIPT
 2    SENTENCE HEARING HELD APRIL 3, 2009
```

3            (11:00 a.m., In Open Court.)

4            THE COURT: Let's call the next case.

5            THE CLERK: Criminal Case Number 07-0488, United

6    States of America versus Jose Encarnacion-Marquez, for

7    sentencing. Defendant is present and is being assisted by

8    the Court Interpreter. Appearing for the Government is

9    AUSA G. Andrew Massucco, and appearing for the Defendant

10   is Jose Aguayo.

11           MR. MASSUCCO: Good morning, your Honor. In

12   behalf of the Government, the Government is ready to

13   proceed.

14           MR. AGUAYO: Good morning, your Honor. In

15   behalf of the Defendant, we are ready also.

16           THE COURT: Good morning. Let the record

17   reflect that prior to this hearing, I have reviewed once

18   again the plea agreement entered into by the parties and

19   that has been filed with the Court, Docket 1109 and 1108.

20   Actually this morning the probation officer provided a

21   substitution page, which I understand counsel has

22   received, which is the cover page containing a picture and

23   personal data of Mr. Encarnacion.

24       Let me begin by asking counsel whether you have had a

25   chance of reading the presentence report and discussing it

1   with your client.

2        MR. AGUAYO:  Your Honor, we have had the

3   opportunity to review the presentence report with the

4   client, translated it to him.  As a matter of fact there

5   was a series of corrections to be made.  They were brought

6   to the attention of the probation office and all those

7   changes were made, the last one being today concerning the

8   birthday.  So, yes, that is in the affirmative.

9        THE COURT:  Very well.  So in terms of further

10   clarifications, do you have any?

11        MR. AGUAYO:  No, your Honor, I don't.

12        THE COURT:  And of course I take it that

13   objections, you have any at this time?  There are none?

14        MR. AGUAYO:  I'm sorry?

15        THE COURT:  There are no objections?

16        MR. AGUAYO:  No.

17        THE COURT:  Any information that you'll be

18   submitting on behalf of your client?

19        MR. AGUAYO:  No, your Honor.

20        THE COURT:  Let me ask Mr. Encarnacion here,

21   sir, do you remember having discussed the presentence

22   report with Mr. Aguayo?

23        THE DEFENDANT: Yes.

24        THE COURT:  And do you have any objections to

25   the presentence report?

1    THE DEFENDANT: No, the only thing that I have
2    to say is that no, they didn't, that he didn't tell me
3    that the presentence had recommended so much time.
4    THE COURT: Regularly the assessment of the
5    probation officer within the report is just to indicate
6    what the computation of the guidelines are and what is the
7    range. And the range that appears to be recommended
8    within the report basically is a range of 135 months to
9    168 months, which is the same range that appeared in the
10   plea agreement that you signed. However, the attorneys,
11   not your counsel or the attorney for the Government, they
12   never receive an assessment of what is it that they are
13   specifically recommending. What they do with that, the
14   only person receiving that is the Court. So that's why
15   your attorney cannot tell you what is specifically being
16   recommended by the probation officer, if anything, because
17   that is not disclosed to them. What you get is a range.
18   Do you understand that?
19   THE DEFENDANT: Very well.
20   THE COURT: Any other objections?
21   THE DEFENDANT: No.
22   THE COURT: Any clarifications that you may
23   have, some information there that you think that needs
24   more explanation or that you would like to clarify?
25   THE DEFENDANT: No, just that my complication,

1  my participation was only seven months.
2       THE COURT: I can't hear you.
3       THE DEFENDANT: And that I am repentful about
4  everything. I'm not here to say that I'm a saint or
5  anything like that, but I am repentful of everything that
6  I did and having involved myself in the underworld.
7  That's all.
8       THE COURT: Thank you.
9       I'll hear from the Government.
10      MR. MASSUCCO: Your Honor, pursuant to the plea
11 agreement entered into on or about the 14th of January
12 2009, the agreement of the parties, I am requesting this
13 defendant be sentenced for Count One to a term of 150
14 months, to be served consecutively by a term of 60 months
15 for Count Seven to which he pled, for a total
16 recommendation by both parties as a sentence of 210 months
17 and I would note for the record that this is in accordance
18 with the recommendations also set forth in the presentence
19 report.
20      Nothing further.
21      THE COURT: Thank you. Any reason why sentence
22 should not be imposed?
23      MR. AGUAYO: None, your Honor.
24      THE COURT: Very well.
25      So, on January 14 of the year 2009, the

1  defendant, whose true and complete name is Jose Manuel
2  Encarnacion-Marquez pled guilty to Counts One and Seven of
3  the indictment in Criminal Case 07-0488, which charges
4  violations of Title 21, Section 841, 846 and 860, and
5  Title 18, Section 1924(c)(1)(A), which are Class D and
6  Class A felonies, respectively. Count Seven is precluded
7  from the Guideline, application of the Guidelines pursuant
8  to Guideline Section 2k2.4 since the statutory provisions
9  require a fixed consecutive term of imprisonment. The
10 Guideline for a violation of Title 21, 846 and 860 is
11 found in Section 2d1.2. That section provides that since
12 the offense was committed in a protected location, the
13 base offense level is two plus the offense level from
14 Section 2d1.1 applicable to the quantity of controlled
15 substances directly involved in a protected location.
16         Since the defendant is being held responsible
17 for at least two, but less than 3.5 kilograms of cocaine,
18 a base offense level of 28 is established as per Guideline
19 Section 2d1.1c4.
20         Since the offense was committed in a protected
21 location a two level increase is warranted pursuant to
22 Guideline Section 2d1.2a1, which results in a base offense
23 level of 30.
24         Further, since the defendant was a leader of or
25 an organizer of a criminal activity that involved five or

more participants or otherwise was extensive, a three level enhancement is warranted as per Guideline 3b1.1b.

As the defendant has timely demonstrated acceptance of responsibility for his participation in the instant offense, the offense level is reduced by three levels, pursuant to Guideline Section 3e1.1a and b.

There are no other applicable Guideline adjustments.

Based on a total offense level of 30 and a criminal history category of four, the Guideline imprisonment range for this particular offense is from 135 to 168 months, with a fine range of 15,000 to four million dollars, plus a supervised release term of 8 years as to Count One and up to 5 years as to Count Seven.

Before the Court is a 24 year old individual who abandoned school in the ninth grade and has not pursued any other academic endeavors. He held varied and brief employment, and his last employment was held for approximately two months in the year 2002. Thereafter he has been relying on his mother and friends for financial assistance. He has no known history of emotional or psychological problems, or alcohol or drug abuse. Notwithstanding, he stands convicted in two criminal cases at level one for robbery, local level, for which he received a four year sentence and probation was revoked

1  and is a case that involved violence and intimidation.
2  The other one was a controlled substance case. And this
3  defendant has committed the instant offense less than two
4  years after release from imprisonment, certainly showing
5  poor judgment to the structured environment and to the
6  opportunity given by the state court. He also has a prior
7  arrest record for an offense which involved violence which
8  related to an assault charge.
9  Further, the Court will also consider the seriousness
10 of the offense, the defendant's role within the
11 organization, the need to promote respect for the law and
12 to protect the public from further crimes of the defendant
13 and also the need for deterrence.
14 Accordingly, it is the judgment of this Court that
15 the defendant is hereby committed to the custody of the
16 Bureau of Prisons to be imprisoned for a term of 150
17 months as to Count One and 60 months as to Count Seven, to
18 be served consecutively to each other, for a total of 210
19 months.
20 The Bureau of Prisons is recommended to provide this
21 defendant with the opportunity to complete his GED, obtain
22 vocational training, and to consider the fact that this
23 defendant has some skills as a barber, a cook, and also as
24 a boxer, and also if there are educational opportunities
25 that he can avail himself of.

1        Upon release from confinement, the defendant shall be
2   placed on supervised release for a term of eight years as
3   to Count One and five years as to Count Seven, to be
4   served concurrently with each other under the following
5   terms and conditions.
6        One, the defendant shall not commit another federal,
7   state or local crime, and shall follow the standard
8   conditions of supervised release recommended by the United
9   States Sentencing Commission and adopted by this Court.
10       Two, the defendant shall not unlawfully possess
11  controlled substances.
12       Three, the defendant shall refrain from possessing
13  firearms, destructive devices and other dangerous weapons.
14       Four, the defendant shall refrain from the unlawful
15  use of controlled substances and submit to a drug test
16  within 15 days of release, thereafter to submit to random
17  drug testing not to exceed 104 samples per year, in
18  accordance with the drug aftercare program policy of the
19  U.S. Probation Office as approved by this Court.  If any
20  such samples detect substance abuse, the defendant shall
21  participate in a drug treatment program in accordance with
22  such policy.  The defendant is required to contribute to
23  the cost of services rendered based on the ability to pay
24  or availability of third party payments.
25       The defendant shall maintain full-time legitimate

employment and not be unemployed for a term exceeding 30 days, unless excused for schooling, training or other acceptable reasons.

Further, the defendant shall provide to the probation office all documents necessary and requested by them in order to corroborate the fact that he remains gainfully employed, and these type of documents include, and are not limited to, pay stubs, contractual agreements, W-2's or wage and earning statements, and any other document requested by the probation officer.

The defendant shall provide the probation officer access to any financial information upon request, and the defendant shall submit his person, residence, office, or vehicle to a search conducted by the U.S. Probation Officer at a reasonable time and in a reasonable manner based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation.

The defendant shall warn any of the residents that the premises may be subject to searches pursuant to this condition.

The defendant shall participate in vocational training and/or job placement recommended by the probation officer, and he shall assist in the collection of a DNA sample as directed by the probation officer pursuant to

1   the revised DNA collection requirements in Title 18,
2   Section 3563(a)(9).
3       Having considered the defendant's financial
4   condition, the Court finds that the defendant does not
5   have the ability to pay a fine. A special monetary
6   assessment fee in the amount of $100 per count for a total
7   of $200 is imposed.
8       I take it the Government will be requesting
9   dismissals of the remaining counts.
10          MR. MASSUCCO: Yes, we will, your Honor.
11          THE COURT: So ordered.
12          And at this stage the Court advises the
13  defendant that in as much as I have imposed the sentence
14  that you stipulated, that you agreed to through the plea
15  agreement, I take it that the fact that you waived your
16  right to appeal is a part of the stipulation that has been
17  treated as valid. Were you to appeal the conviction I
18  imagine that the Government will tell the Court of Appeals
19  that you got the sentence that you bargained for and will
20  be requesting the dismissal of the appeal. Most likely
21  than not the Court of Appeals will be examining the
22  record, the change of plea hearing, the sentencing
23  hearing, and ultimately may validate and dismiss your
24  appeal.
25          However, let me tell you this. If there is any

1  fundamental defect that you may identify concerning the
2  way in which your plea was taken or presented to the
3  Court, or the judgment was imposed, you may appeal.  If
4  that is so, and if you do that, you have ten days from the
5  entry of judgment in order to file the notice of appeal.
6  It can be filed by you, Mr. Aguayo, your counsel, or by
7  the Clerk of the Court upon your request.  You may also
8  request the Court to allow you to proceed in forma
9  pauperis and moreso to allow you to have counsel appointed
10 for the appeal process.  Do you understand that?
11          THE DEFENDANT:  Yes.
12          THE COURT:  At this stage the Court will direct
13 that the transcript of the sentencing proceedings be
14 forwarded to the Sentencing Commission, Bureau of Prisons,
15 and Probation Office within 30 days.
16     Anything else?
17          MR. AGUAYO:  Yes, your Honor.  I have three
18 petitions that have been requested by the defendant.
19          The first one, your Honor, is that he has family
20 in the area of Camden, New Jersey.  If he could be
21 designated to as close by as possible.
22          THE COURT:  New Jersey or New York, as close as
23 possible.
24          MR. AGUAYO:  Yes.
25          THE COURT:  Very well.  Recommended.

1      MR. AGUAYO: New Jersey. Obviously New York is
2  next to New Jersey.
3      The second request, your Honor, is that since his
4  family is of limited means, he has a co-defendant in this
5  case, Jonathan Vazquez, who is his brother, and we would
6  like, if your Honor would, a recommendation to the Bureau
7  of Prisons that they be placed in the same institution.
8      THE COURT: Who is the attorney for the brother?
9      MR. AGUAYO: I don't know.
10     MR. MASSAUCCO: The brother is Javier --
11  Jonathan?
12     THE COURT: Who's the attorney? Certainly he's
13  not for sentencing today.
14     MR. MASSUCCO: Not at all.
15     THE COURT: It happened yesterday I received a
16  similar request from two brothers. I have no problem with
17  that. Of course they have to remain aware of the fact
18  that it's the Bureau of Prisons who has the last word.
19     MR. AGUAYO: This is a recommendation by the
20  Court, we understand.
21     THE COURT: I suggest that.
22     I don't know how much time will pass between
23  this sentence and that of his brother, but if you come
24  across the attorney for the brother, make sure that you
25  mention it to him, because we will take notes here and I

```
 1   know that my people in court also remember, and I don't
 2   have a problem with issuing the recommendation, but of
 3   course the brother has to agree.
 4           MR. AGUAYO:  Defendant Number 17.  Sentence May
 5   the 5th, your Honor.
 6           THE COURT:  May the 5th.
 7           MR. AGUAYO:  The sentence of Jonathan.  Yes,
 8   your Honor.
 9       Your Honor, the last request that we have, again
10   which we're just asking a recommendation, that the
11   defendant understands that the Bureau of Prisons makes the
12   final decision, that if he qualifies, if he's allowed to
13   participate in the drug program.
14           THE COURT:  Drug rehabilitation treatment, so
15   recommended, as well, as part of my recommendations to the
16   Bureau of Prisons.
17       Anything else?
18           MR. AGUAYO:  That will be all, your Honor.
19           THE COURT:  Thank you.
20
21               (Hearing concluded.)
22
23
24
25
```

15

1  I certify that the foregoing is a correct transcript from
2  the record of proceedings in the above-entitled matter.
3
4
5
   Date: 11 FEB 2019        /s/Susan J. Lamoureux
6                              Susan J. Lamoureux
7